**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

KARL WALKER,

      Defendant-Appellee.

No. 00-1513
(D.C. No. 00-S-412)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO** and **MURPHY,** Circuit Judges.

---

The government appeals from the decision of the district court suppressing the evidence seized from a vehicle belonging to defendant Karl Kevin Walker after he was arrested for DUI. We affirm.[1]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Evidence was also seized from Mr. Walker's residence pursuant to a search warrant. The government concedes that the validity of the search of the home depends on the legality of the warrantless search of the vehicle because the facts supporting the search warrant were "fruits" of the automobile search.

Shortly after midnight, Mr. Walker drove his automobile the wrong way down a clearly-marked and well lighted highway exit ramp. Concerned that Mr. Walker might be impaired, Deputy Sheriff Paula Ace stopped him after he backed up the exit ramp. After calling for backup, she approached the vehicle and asked Mr. Walker for his drivers license and insurance card. She testified that Mr. Walker had watery, bloodshot eyes and there was a faint odor of alcohol on his breath. When Deputy Romero arrived, she told him of the possible DUI. Deputy Romero asked Mr. Walker to get out of the car and to perform two field sobriety tests, a head-tilt maneuver and a one-leg stand. When Mr. Walker failed to pass these tests, the officers informed him he was under arrest for DUI, after which he agreed to take a breathilizer test back at the police station. Deputy Ace handcuffed him, put him in her patrol car, and left for the station. A 20-year old passenger in the car, Mary Perry, remained with the automobile along with Deputy Romero and Deputy Powell, who had arrived on the scene.

Before leaving the scene, Mr. Walker had refused to consent to a search of his car. Deputy Romero called his supervisor, Investigator Littlefield, who told him Mr. Walker was a known drug dealer. Thereafter, Deputies Romero and Powell decided to "inventory" the automobile. The deputies discovered methamphetamine in two containers, one under the passenger seat of the car and one under the driver's seat. They placed Ms. Perry under arrest and transported

her to the police station where she provided information about methamphetamine in Mr. Walker's residence. Based on that information, the officers obtained a search warrant for Mr. Walker's home, where they discovered additional methamphetamine.

Mr. Walker was charged in a one-count indictment for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He moved to suppress the evidence, claiming that the warrantless search of the automobile violated the Fourth Amendment. The government responded that the search was either a valid inventory search or a search incident to Mr. Walker's arrest. After an evidentiary hearing, the district court granted the motion to suppress. The court held that the inventory search violated sheriff department policy and that the search was not incident to the arrest because it did not take place until after Mr. Walker had departed for the police station.

The government does not appeal the determination that there was not a valid inventory search, challenging only the district court's legal conclusion that there was not a valid search incident to Mr. Walker's arrest. Because the government does not question the district court's findings, our review is *de novo. United States v. Humphrey,* 208 F.3d 1190, 1201 (10th Cir. 2000).

We have clearly held in this circuit that officers may not search an automobile incident to an arrest after the defendant has been removed from the

scene of the arrest. *United States v. Lugo,* 978 F.2d 631, 634-35 (10th Cir. 1992). We recently affirmed *Lugo* in *United States v. Edwards,* 242 F.3d 928, 937-38 (10th Cir. 2001 ("Because Edwards was incapacitated with handcuffs and sitting in the back of a police car approximately 100-150 feet away from the rental car, any justification to conduct a search incident to arrest had dissipated.").

Relying on *New York v. Belton*, 453 U.S. 454 (1981), and *Humphrey,* 208 F.3d at 1202, the government argues that *Lugo* and *Edwards* were incorrectly decided. In *Humphrey,* without citing *Lugo,* this court upheld a search incident to an arrest after the defendant was handcuffed and placed in a squad car, notwithstanding officer safety was not a concern. *Humphrey* does not govern this case, however. It is factually distinguishable because here, as in *Lugo*, the defendant had already left the scene before his car was searched. Moreover, to the extent *Humphrey* may be inconsistent with *Lugo,* we are bound by the earlier decision. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). Finally, *Lugo* considered *Belton*, noting that it upheld an automobile search "'as a *contemporaneous* incident of that arrest.'" *Lugo*, 978 F.2d at 634 (quoting *Belton*, 453 U.S. at 460). The search here was not contemporaneous with Mr. Walker's arrest.

We AFFIRM the decision of the district court granting suppression of the

evidence.[2]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[2] We admonish counsel to be cognizant of our local rules. Mr. Walker did not attach to his brief the district court's oral findings and conclusions. *See* 10th Cir. R. 28.2(A)(2). The government failed to correct this omission. *See id.* 28.2(B).